**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Hector Tapanes RUANO and Alfredo
Anibal Montejo Menchero,
Defendants-Appellants.**

**No. 80–5561
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.
Unit B

June 12, 1981.

Michael H. Tarkoff, Miami, Fla., for defendants-appellants.

James D. McMaster, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before GODBOLD, Chief Judge, and KRAVITCH and HATCHETT, Circuit Judges.

PER CURIAM:

The question posed by this case is whether United States Customs agents had sufficient suspicious facts to stop and search a vessel in "customs waters." Finding such facts sufficient, we affirm.

At approximately 8:15 a. m., on October 6, 1979, United States Customs agents, patrolling an area east of Government Cut in customs waters[1] off the coast of Miami, Florida, observed three vessels entering Government Cut from open sea. The vessels, travelling at a high rate of speed, appeared to be travelling together. According to the testimony of one customs agent, only one individual appeared to be aboard each vessel which militated against "people going out fishing." These circumstances aroused the agents' suspicions. They decided to give chase. Because of the high rate of speed at which the vessels were travelling, the customs agents only caught one vessel. After hailing the appellants with a megaphone, the agents positioned their vessel alongside the appellants' vessel. Two men, the appellants, were on board. The agents identified themselves and requested permission to board. After receiving permission, two customs agents boarded the vessel and detected a strong odor which they believed came from marijuana. They then requested permission to search the hull of the boat. Appellants granted permission. Upon opening the hatch to the hull, the agents discovered approximately eighteen to twenty bales of marijuana.

Appellants sought to have the marijuana suppressed on the ground that the customs agents lacked sufficient suspicion to stop their vessel. The trial court denied their motion. The trial court, in a bench trial, convicted appellants, Hector Tapanes Ruano and Alfredo Anibal Montejo Menchero, of importation of marijuana in violation of 21 U.S.C. § 952(a)[2] and 18 U.S.C. § 2,[3] and

1. Customs waters are defined in 19 U.S.C. § 1401(j) as waters within four leagues of the coast of the United States.

2. 21 U.S.C. § 952(a) provides, in pertinent part:
   It shall be unlawful to import into the customs territory of the United States from any place outside thereof (but within the United States), or to import into the United States from any place outside thereof, any controlled substance in schedule I or II of this chapter, or any narcotic drug in schedule III, IV, or V of subchapter I of this chapter . . . .

3. 18 U.S.C. § 2 provides, in pertinent part:

possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1)[4] and 18 U.S.C. § 2.

■ The sole issue on this appeal is whether the customs agents possessed sufficient suspicion to stop appellants' vessel. United States Customs officials may make investigatory stops of vessels on inland waters "on facts which justify a reasonable suspicion of illegal activity."[5] *United States v. Serrano*, 607 F.2d 1145, 1148 (5th Cir. 1979), *cert. denied*, 445 U.S. 965, 100 S.Ct. 1655, 64 L.Ed.2d 241 (1980). This interpretation does not offend the fourth amendment. *United States v. Castro*, 596 F.2d 674 (5th Cir.), *cert. denied*, 444 U.S. 963, 100 S.Ct. 448, 62 L.Ed.2d 375 (1979).

■ A customs officer testified that he stopped appellants' vessel because of the vessel's "high rate of speed," the early hour of the morning, the fact that the vessels appeared to be travelling together, and the fact that only one individual appeared on each boat which was "inconsistent with people going out fishing." He further testified that the boats were violating the common courtesy usually given to other vessels by slowing down when entering Government Cut.

Under the relaxed standard announced in *Serrano*, we find that these facts constituted reasonable suspicion to justify an investigatory stop. Accordingly, the trial court did not err in denying appellants' motion to suppress. The judgment appealed from is affirmed.

AFFIRMED.

---

(a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

(b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

4. 21 U.S.C. § 841(a)(1) provides, in pertinent part:

(a) Except as authorized by this chapter, it shall be unlawful for any person knowingly or intentionally—

(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance;
. . . .

5. "United States Customs officers have authority under 19 U.S.C. § 1581(a) to stop and board vessels initially sighted in customs waters *for document checks* even in the absence of a modicum of suspicion or probable cause." *United States v. Alfrey*, 620 F.2d 551, 555 (5th Cir.), *cert. denied*, —— U.S. ——, 101 S.Ct. 337, 66 L.Ed.2d 160 (1980) [emphasis added]. This standard is not applicable to the instant case, however, because the overwhelming evidence indicates that the customs officers stopped appellants boat not to inspect its documents but to investigate the suspicious circumstances surrounding the boat's entry into Government Cut. For example, when asked what, if any, action he took after observing the three boats, the customs officer stated "[w]e observed the three vessels pass our location. Due to the high rate of speed they were traveling, we decided to give chase to [the] vessels to determine . . . exactly where they were coming from and where they were going to." When asked whether he ever asked appellants for registration papers, the officer responded he believed he did but "really I can't recall . . . ." In our view, the customs officer's testimony militates against a finding that the officers stopped appellant's boat in order to check its documents. Under these circumstances, we apply the standard applicable to investigatory stops.